UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, : | |
| : | |
| Plaintiff, : | |
| : | |
| v.     : | CIVIL ACTION |
| : | NO. |
| ALLEN K. DEARY and : | |
| DENNIS A. FICHTER, : | MEL |
| : | |
| Defendants. : | |

**FINAL JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF AGAINST DEFENDANT DENNIS A. FICHTER**

Plaintiff Securities and Exchange Commission (**"COMMISSION"**), having filed a **COMPLAINT** herein, and Defendant Dennis A. Fichter (**"Fichter"**), in the annexed Consent of Defendant Dennis A. Fichter (**"CONSENT"**), having entered a general appearance herein; having admitted to the jurisdiction of this Court over him and over the subject matter of this action; having waived the entry of findings of fact and conclusions of law under Rule 52 of the Federal Rules of Civil Procedure with respect to this Final Judgment of Permanent Injunction and Other Relief against Defendant Dennis A. Fichter (**"FINAL JUDGMENT"**); and, without admitting or denying the allegations of the **COMPLAINT**, except as

1



to jurisdiction and service, which he admits, having consented to the entry of this **FINAL JUDGMENT** which: (1) permanently restrains and enjoins him from directly or indirectly engaging in transactions, acts, practices or courses of business which constitute or would constitute violations of, and which aid and abet or would aid and abet violations of, Sections 10(b) and 13(b)(5) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. §§ 78j(b) and 78m(b)(5)] and Rules 10b-5 and 13b2-1 promulgated thereunder [17 C.F.R. §§ 240.10b-5 and 240.13b2-1]; and (2) orders Defendant **FICHTER** to pay a civil penalty in the amount of $10,000; and it further appearing that this Court has jurisdiction over Defendant **FICHTER** and the subject matter hereof, and the Court being fully advised in the premises:

### I.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that Defendant **FICHTER**, his officers, agents, servants, employees, attorneys, successors and assigns, and all persons in active concert or participation with him who receive actual notice of this **FINAL JUDGMENT** by personal service or otherwise, and each of them, be and hereby are permanently restrained and enjoined from, directly or indirectly, violating Section 10(b) of the Exchange Act [15

U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5] by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange:

    (a)    to employ any device, scheme or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person;

in connection with the purchase or sale of any security.

## II.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Defendant **FICHTER**, his officers, agents, servants, employees, attorneys, successors and assigns, and all persons in active concert or participation with him who receive actual notice of this **FINAL JUDGMENT** by personal service or otherwise, and each of them, be and hereby are permanently restrained and enjoined from, directly or indirectly, violating Section 13(b)(5) of the Exchange Act [15 U.S.C. § 78m(b)(5)] by knowingly circumventing or knowingly

failing to implement a system of internal accounting controls, or knowingly falsifying any book, record, or account of any issuer which has a class of securities registered with the **COMMISSION** pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or any issuer which is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

### III.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Defendant **FICHTER**, his officers, agents, servants, employees, attorneys, successors and assigns, and all persons in active concert or participation with him who receive actual notice of this **FINAL JUDGMENT** by personal service or otherwise, and each of them, be and hereby are permanently restrained and enjoined from, directly or indirectly, violating Rule 13b2-1 [17 C.F.R. § 240.13b2-1], by falsifying or causing to be falsified any book, record or account subject to Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. § 78m(b)(2)(A)].

### IV.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Defendant **FICHTER** shall be assessed and shall pay a civil penalty in the amount of ten thousand dollars ($10,000), pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. Payment of

the penalty shall be: (i) made within thirty (30) days of the entry of this **FINAL JUDGMENT**; (ii) by bank cashiers check, bank money order, certified check or United States postal money order; (iii) made payable to the Securities and Exchange Commission; (iv) mailed or hand-delivered to the Comptroller, Operations Center, 6432 General Green Way, Stop 0-3, Alexandria, VA 22312; and (v) submitted under cover of letter that identifies Defendant **FICHTER** as a defendant in this action, the caption and civil action number of this action and the name of this Court, with a copy to James B. Adelman, Counsel for the **COMMISSION**, at its Boston District Office, 73 Tremont St., Sixth Floor, Boston, MA 02108.

### V.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the annexed **CONSENT** be, and hereby is, incorporated by reference herein with the same force and effect as if fully set forth herein.

### VI.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that this Court shall retain jurisdiction over Defendant **FICHTER** as a party to this matter for the purpose of implementing and enforcing the terms and conditions of this **FINAL JUDGMENT**.

## VII.

There being no just reason for delay, the Clerk of the Court is directed, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, to enter this **FINAL JUDGMENT** forthwith.

**DONE AND ORDERED** at Boston, Massachusetts this ___13___ day of ___April___, 2000.

_____
**UNITED STATES DISTRICT JUDGE**